UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOELLE CARMOUCHE                                         CIVIL ACTION

VERSUS                                                          NO. 17-11479

THE NATIONAL FLOOD                                 SECTION "R" (4)
INSURANCE PROGRAM, ET AL.

## ORDER AND REASONS

Before the Court are (1) defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and a failure to state a claim upon which relief can be granted; and (2) plaintiff's motion for leave to amend her complaint.  The Court finds that it lacks subject matter jurisdiction over the complaint because the United States has not waived sovereign immunity for plaintiff's claims.  It also finds that granting plaintiff leave to file her proposed amended complaint would be futile.  The Court therefore grants defendants' motion to dismiss and denies plaintiff's motion.

## I.    BACKGROUND

This action arises from the catastrophic flooding in Louisiana during the summer of 2016.[1]  The flooding damaged plaintiff Joelle Carmouche's

---

[1]      R. Doc. 1 at 4 ¶ 11.

home in Ponchatoula, Louisiana.[2]   At the time of the flooding, plaintiff's home was insured through a standard flood insurance policy (SFIP) provided through defendant the National Flood Insurance Program (NFIP).[3]   The NFIP is administered by the Federal Emergency Management Agency (FEMA).   Plaintiff alleges that she timely reported her losses to FEMA, and that FEMA then hired an insurance adjustor to prepare a damage estimate and Proof of Loss.[4]   Plaintiff alleges she was "forced to sign and submit a Proof of Loss" based on the adjustor's estimate "in order to receive an initial damage assessment payment."[5]   Plaintiff then allegedly determined that this initial payment did not cover the full extent of her damages, and retained an independent expert to evaluate her total losses.[6]   The independent expert allegedly concluded that FEMA had underpaid plaintiff.[7]   Plaintiff then filed a second Proof of Loss with supporting documentation that allegedly covered the full extent of her damages.[8]   FEMA had not responded to plaintiff's second insurance claim when plaintiff filed this lawsuit.[9]

---

[2]   *Id.*
[3]   *Id.* ¶ 13; R. Doc. 22-2 at 2.
[4]   R. Doc. 1 at 5 ¶¶ 17-18.
[5]   *Id.* ¶ 19.
[6]   *Id.* ¶¶ 20-21.
[7]   *Id.* at 6 ¶ 22.
[8]   *Id.* ¶ 23.
[9]   R. Doc. 22-2 at 3; R. Doc. 31 at 2.

On October 30, 2017, plaintiff filed its initial complaint against (1) the NFIP; (2) W. Brock Long, in his official capacity as Administrator of FEMA; and (3) the Secretary of the Department of Homeland Security (DHS), in her official capacity.[10]  Plaintiff alleges that defendants breached the terms of her insurance contract because FEMA "wrongly failed to pay [her] for damages" owed under her insurance policy.  Plaintiff seeks monetary damages she has sustained as a "foreseeable and direct result of the breach."[11]  On June 22, 2018, defendants moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[12]  On July 17, 2018, plaintiff filed both an opposition to defendants' motion[13] and a motion seeking leave to file an amended complaint,[14] which in part seeks to remedy the jurisdictional issues defendants identified.  Defendants oppose plaintiff's motion.[15]

---

[10]    Plaintiff's initial complaint named Acting DHS Secretary Elaine Duke as the defendant.  Since plaintiff's complaint was filed, Kirstjen M. Nielsen was named DHS Secretary.  Pursuant to Federal Rule of Procedure 25(d), Secretary Nielsen is automatically substituted as the named defendant.

[11]    R. Doc. 1 at 7 ¶¶ 31-32.

[12]    R. Doc. 22.

[13]    R. Doc. 31.

[14]    R. Doc. 30.

[15]    R. Doc. 37.

## II.   LEGAL STANDARD

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  A district court may dismiss a case for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

When, as is the case here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should address the jurisdictional question first.  *See Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977); *see also Colonia Ins. Co. v. Williams*, 941 F. Supp. 606, 607-08 (N.D. Miss. 1996) ("[P]rior to deciding whether to exercise its discretion and allow a

declaratory judgment action to be brought, the court must first examine jurisdiction.").

## III.   DISCUSSION

### A.   Defendants' Motion to Dismiss

Defendants contend that federal sovereign immunity precludes the Court from exercising jurisdiction over plaintiff's claims against all three defendants. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Relief "sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). Accordingly, suits against officials or agencies of the United States are typically barred if there is no waiver of sovereign immunity. *See id.* "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in the statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Any waiver must be "strictly construed, in terms of its scope, in favor of the sovereign." *Id.* Absent an express waiver of sovereign immunity, a federal court does not have jurisdiction to adjudicate claims against sovereign defendants. *FDIC v. Meyer*, 510 U.S.

471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.  [Thus,] the terms of [the United States'] consent to be sued in any court defines that court's jurisdiction to entertain the suit.") (internal quotation marks omitted).  A plaintiff bears the burden of showing Congress' unequivocal waiver of sovereign immunity in a suit against federal agencies or officials. *St. Tammany Parish v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009).

Here, because plaintiff is seeking a monetary award against a federal agency, and the award would be disbursed from the public treasury, the United States is the real party-in-interest, and sovereign immunity applies to plaintiff's claim.  *See Dugan v. Rank*, 372 U.S. 609, 620 (1963) ("The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration.") (internal quotation marks omitted); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005) ("Payments on SFIP claims come ultimately from the federal treasury.").

Plaintiff asserts two bases for jurisdiction in her complaint.  First, she states that the Court has federal question jurisdiction under 28 U.S.C. § 1331, because the matter involves an insurance contract issued by a federal

agency.[16]  But Section 1331 "is a general jurisdiction statute and does not provide a general waiver of sovereign immunity;" thus, it alone does not grant the Court jurisdiction over plaintiff's claims.  *Shanbaum v. United States*, 32 F.3d 180, 188 (5th Cir. 1994).  Second, plaintiff asserts that the Court has jurisdiction under 42 U.S.C. § 4072.[17]  Section 4072 provides a limited waiver of sovereign immunity allowing an injured policyholder to sue FEMA when FEMA denies claims under an SFIP.  42 U.S.C. § 4072; *Wiedemann v. Harleysville Mut. Ins.*, No. 06-4723, 2006 WL 3462926, at *1 (E.D. La. Nov. 28, 2006).  The provision states, in relevant part:

> [U]pon *the disallowance by the Administrator of any . . . [flood insurance] claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim*, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated. . . .

42 U.S.C. § 4072 (emphasis added).

As the emphasized language makes clear, Congress waived federal sovereign immunity only when (1) FEMA disallows a party's flood insurance claim or (2) a party refuses to accept the amount allowed based upon a federally-issued policy.  *Id.*; *see also Gumpert v. Allstate Ins. Co.*, No. 97-

---

[16]     R. Doc. 1 at 2 ¶ 4.

[17]     *Id.* ¶ 3.

1531, 1997 WL 538003, at *4 (E.D. La. Aug. 26, 1997). The next clause states that if a claimant wishes to bring an action in federal court, she must initiate the action within one year of receiving a notice of disallowance or partial disallowance. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22. The statute therefore contemplates that the claimant will receive a notice of total or partial disallowance before filing suit. When viewing the provision as a whole, courts have interpreted it as requiring FEMA to deny all or part of an insurance claim before the claimant can sue the agency in federal court. *See Downey v. State Farm Fire & Cas. Co.*, 276 F.3d 243, 244 (7th Cir. 2001) (Section 4072 waives sovereign immunity "only when the Director has disallowed a claim"); *Wiedemann*, 2006 WL 3462926, at *1 (Section 4072's waiver of sovereign immunity "only applies when FEMA denies claims submitted to it pursuant to a federally-issued SFIP").

Plaintiff's suit does not fall under Section 4072's limited waiver of sovereign immunity. Defendants have attached to their motion (1) a declaration from Russell M. Tinsley, a FEMA Insurance Examiner; and (2) relevant documents from plaintiff's claim file, which clarify plaintiff's interactions with FEMA before she filed this lawsuit.[18] This evidence shows

---

[18]   *See* R. Doc. 22-2. The Court may consider the materials defendants have provided because plaintiff does not dispute the facts they contain. *See Clark*, 798 F.2d at 741.

that after the August 16, 2016 flood, plaintiff made an initial claim for property loss to the NFIP.[19]  Plaintiff received advance payments totaling $15,000 on September 4, 2016.[20]  An NFIP-certified Independent Adjustor then assisted plaintiff in assessing the extent of her property damage.[21]  On October 18, 2016, plaintiff signed a Proof of Loss assessing her damages as $124,639.57.[22]  Roughly two weeks later, on November 2, 2016, plaintiff received further payments of $112,089.22, for a total compensation of $127,089.22—slightly more than the amount reflected in her Proof of Loss.[23] FEMA thus allowed the entirety of plaintiff's initial claim.  Plaintiff concedes in her amended complaint and in her opposition to defendants' motion to dismiss that she accepted the initial payment FEMA offered.[24]  Plaintiff then submitted to FEMA an additional claim for payment, along with a second and revised Proof of Loss, in October 2017, the same month she filed this

---

[19]   R. Doc. 22-2 at 2-3.

[20]   *Id.* at 3.

[21]   *Id.* at 2-3.

[22]   *Id.* at 3, 6.

[23]   *Id.* at 3.

[24]   R. Doc. 31 at 2 (noting that "FEMA initially undertook its obligation to adjust Ms. Carmouche's claim, and issued some, albeit inadequate, payments"); R. Doc. 30-3 at 6 ¶ 20 ("[T]he original payment made to [plaintiff] was a vast underpayment of the covered damages under the SFIP for building damages."); *see also* R. Doc. 30-5 at 1 (cover letter for plaintiff's second Proof of Loss submitted to FEMA, in which plaintiff's attorney states that "*additional* money is owed due to [FEMA's] *underpayment*") (emphasis added).

lawsuit.[25]  Tinsley declares that he reviewed plaintiff's policy file on or about June 20, 2018, and that the file did not contain a denial letter from FEMA for plaintiff's October 2017 claim.[26]  Plaintiff does not allege in either her complaint or proposed amended complaint that she received a notice of disallowance or partial disallowance for this second claim.  There is thus no indication in the record that FEMA has disallowed all or part of either of plaintiff's two claims, or that plaintiff refused any funds FEMA has offered.

Plaintiff argues in her opposition that Section 4072 nonetheless waives sovereign immunity for her suit because she has "refus[ed] to accept the amount allowed on the original" claim by virtue of filing this complaint, and that under the statute she need not wait for FEMA to evaluate her second claim for additional payment.[27]  Plaintiff in effect argues that Section 4072 waives sovereign immunity if FEMA pays in full the amount contained in a Proof of Loss, but a claimant later comes to believe that this Proof of Loss did not contain the full extent of her damages.

Plaintiff's interpretation of Section 4072 is incorrect.  The text of Section 4072 requires FEMA to disallow all or part of plaintiff's claim, and for plaintiff to refuse "to accept the amount allowed" in the event of a partial

---

[25]   R. Doc. 31 at 2; R. Doc. 30-3 at 9 ¶ 35.
[26]   R. Doc. 22-2 at 3.
[27]   R. Doc. 31 at 6.

disallowance.  42 U.S.C. § 4072; *see Downey*, 276 F.3d at 244-45.  Plaintiff's "refusal" to let FEMA's full payment be the end of her interactions with the agency does not waive the agency's sovereign immunity.  Plaintiff's reading would allow every federally-insured claimant to file suit in federal district court, because the claimant could file suit regardless of whether FEMA allows or disallows a claim.  Such a construction would render Section 4072's limited waiver of sovereign immunity meaningless, when the Court must in fact "constru[e] waivers of sovereign immunity narrowly in favor of the sovereign."  *Lane*, 518 U.S. at 195.  A court in the Middle District of Louisiana recently came to this same conclusion, and found that two different suits were barred by sovereign immunity under nearly identical circumstances to those presented here.  *See Bankston v. Nat'l Flood Ins. Program*, No. 17-1059, 2018 WL 2169958 (M.D. La. May 10, 2018); *Bernard v. Nat'l Flood Ins. Program*, No. 17-960, 2018 WL 2169964 (M.D. La. May 10, 2018).

Because FEMA did not disallow any part of plaintiff's two insurance claims, and because plaintiff did not refuse to accept any insurance funds from FEMA, Section 4072 does not waive sovereign immunity for plaintiff's lawsuit, and the Court lacks subject matter jurisdiction over this matter.

### B.    Plaintiff's Motion for Leave to File Amended Complaint

Plaintiff has also filed a motion seeking to leave to amend her complaint.[28]  Plaintiff's proposed amended complaint provides more details regarding her insurance claims with FEMA, and also includes additional claims under the Administrative Procedure Act (APA) and Mandamus and Venue Act.[29]  Plaintiff argues that these additional claims can serve as separate bases for federal jurisdiction.[30]

Because plaintiff seeks leave to amend her complaint after the deadline for amendments to pleadings in the Court's scheduling order,[31] plaintiff must show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b).  *S&W Enters., LLC. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).  The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *Id.* at 535 (internal citations omitted). Whether to grant or deny a continuance is within the sound discretion of the trial court.  *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).  In deciding whether to grant a continuance, the Court's "judgment range is

---

[28]    R. Doc. 30.
[29]    *Id.*
[30]    *Id.* at 1-2.
[31]    R. Doc. 13.

exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000)). Courts specifically consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536.

Plaintiff provides no explanation for her failure to move to amend her complaint before the Court's deadline.  But the more significant problem with plaintiff's motion is that her proposed amendment would be futile to defeat sovereign immunity, and is therefore of no importance.  The Court therefore denies her motion.  *See Imbornone v. Tchefuncta Urgent Care, Inc.*, No. 11-3195, 2013 WL 3818331, at *5 (E.D. La. July 22, 2013) (denying leave to amend complaint under Rule 16(b) when plaintiff failed to provide an explanation for his untimely motion and his proposed amendment would be futile); *In re Belle Chasse Marine Transp., Inc.*, No. 12-1281, 2013 WL 3422032, at *4 (E.D. La. July 8, 2013) (same).

Plaintiff alleges in her amended complaint that the Court has jurisdiction over her lawsuit under the APA, which gives federal courts the

power to review final agency action and to compel agency action that is unreasonably delayed.[32]   *See* 5 U.S.C. §§ 704, 706.   But the APA explicitly states that it does not "affect[] other limitations on judicial review" or "confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."   *Id.* § 702; *see also Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (noting that Congress did not intend the APA to "duplicate the . . . established special statutory procedures relating to" review of agency action).   Here, Section 4072 and its accompanying regulations detail the requirements a plaintiff must satisfy before filing suit in federal court, and impliedly bar plaintiff's lawsuit.   *See* 42 U.S.C. § 4072; 44 C.F.R. § 62.22.   The APA's general grant of judicial review of agency action does not supersede Section 4072's limited waiver of sovereign immunity.   This Court therefore does not have

---

[32]   R. Doc. 30-3 at 3 ¶ 7.   The Court notes that plaintiff seeks only monetary damages in her amended complaint, *id.* at 11, but a plaintiff cannot recover monetary damages under the APA.   *See King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 416 (5th Cir. 2013).   Plaintiff explains in her reply memorandum in support of her motion that she is not seeking monetary damages through her APA claim, but rather simply wishes to compel "FEMA to stop withholding a Proof of Loss claim decision."   R. Doc. 53 at 3 n.2.   This inconsistency between plaintiff's amended complaint and her briefing papers is ultimately immaterial, because the Court finds that the APA cannot provide subject matter jurisdiction for plaintiff's lawsuit.

jurisdiction over plaintiff's claims under the APA, and granting her motion to amend her complaint to include a claim under the APA is not warranted.

Plaintiff also alleges that the Court can exercise subject matter jurisdiction over her claim brought under the Mandamus and Venue Act.[33] Federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361. Mandamus is an "extraordinary remedy which should be utilized only in the clearest and most compelling of cases."  *Winningham v. U.S. Dep't of Hous. & Urban Dev.*, 512 F.2d 617, 620 (5th Cir. 1975).  It is intended to provide relief to a plaintiff "only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984).  The Fifth Circuit has stated that mandamus jurisdiction exists only if no other adequate remedy is available to a plaintiff.  *Newsome v. Equal Emp't Opportunity Comm'n*, 301 F.3d 227, 231 (5th Cir. 2002).  Plaintiff has an adequate alternative remedy under FEMA's ordinary administrative procedures.  She can simply wait for FEMA to adjudicate her second claim, and then bring an action pursuant to Section

---

[33]     R. Doc. 30-3 at 3 ¶ 8.

4072 if FEMA disallows all or part of that claim.  Mandamus therefore does not provide a basis for jurisdiction over this action.

Finally, Plaintiff complains that the outcome the Court reaches today would allow FEMA to ignore an insured's claim forever, because a claimant will not have recourse in federal court until FEMA disallows all or part of her claim.  But plaintiff's concern is considerably belied by the fact that FEMA has not treated her claims idly.   According to the Tinsley Declaration, plaintiff filed her first Proof of Loss on October 18, 2016, and was paid in excess of that Proof of Loss on November 2, 2016.[34]  Plaintiff then filed her second revised Proof of Loss in October 2017, but filed this lawsuit less than one month later, before FEMA adjudicated her claim.[35]  Defendants explain that FEMA cannot adjust her second claim while this litigation is pending.[36]  It is thus *plaintiff's* unwillingness to abide by FEMA's procedures and the express terms of Section 4072 that has led to the delay in FEMA's adjudication of her second claim.

Because the APA and Mandamus Act claims in plaintiff's amended complaint cannot serve as bases for the Court to exercise subject matter jurisdiction, plaintiff's proposed amendment is futile and thus of no

---

[34]   R. Doc. 22-2 at 3.
[35]   *See* R. Doc. 1; R. Doc. 30-5.
[36]   R. Doc. 37 at 8.

16

importance.   Plaintiff has therefore failed to show "good cause" for her amendment under Rule 16(b), and her motion is denied.

## IV.   CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED and plaintiff's motion for leave to file an amended complaint is DENIED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this  24th   day of October, 2018.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE